### SARAH G. MORSE

*v.*

### ELLEN THORSELL.

1. EVIDENCE—*hearsay*. On petition for dower, where the record failed to show a legal title in the husband of the petitioner, she, for the purpose of showing an equitable title, testified that her husband purchased the land, and that both he and the vendor told her that the husband paid the entire purchase money, and that, on a sale by the latter, the vendor conveyed to the purchaser: *Held*, that what she was told by her husband and his vendor was hearsay evidence, and should have been excluded on objection.

2. DOWER—*in land held under contract to purchase, which is assigned before payment*. If a vendee, before he makes full payment, and before he is able to enforce a conveyance of the land, assigns his contract, and the assignee completes the payment and obtains a deed, the widow of the first purchaser will acquire no right of dower in the premises.

3. And if the first purchaser, after assignment of his contract, completes the payment with the money received for his assignment, the result will be the same as if the assignee had made the payment to the original vendor, and the widow of the original vendee will have no right of dower.

4. SAME—*allegation in petition respecting title, construed.* An averment in a petition for dower, that petitioner's husband was seized in fee simple of the land, will import that he held the legal title; but if this is followed by the words: and was the owner of the equitable title to the lot in controversy, they will limit the prior allegation, and, when taken together, import that he owned the lot by an equitable title in fee simple.

5. PARTY—*on petition for dower.* On petition for dower, against a lot owned by a married woman, whose husband has an interest therein by the curtesy or otherwise, the husband is a necessary party defendant.

6. SAME—*person made a party defendant will be presumed to have an interest.* If, in a proceeding for dower in land of a married woman, her husband is made a defendant with her, it will be presumed he has an interest, and he will have the right, without disclosing his interest, to put the petitioner upon proof of the title alleged to be in her husband.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. LANPHERE & BROWN, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

At the September term, 1874, of the Knox circuit court, appellee filed her petition to have dower assigned to her in premises held by appellant. She made appellant and her husband parties to the proceeding. He filed an answer, and she filed two pleas. The first denies that the husband of appellee ever had a fee simple title to the premises, or a legal fee therein, and if he had any interest, it was but equitable. The second plea averred that appellant was a *bona fide* purchaser without notice, and for full value. The husband denies, in his answer, that the husband of petitioner was ever seized of either a legal or an equitable estate in the premises.

To the first of appellant's pleas a replication was filed, and also to the answer of her husband. Appellee demurred to

the second plea, and the court held it bad, and appellant abided by her demurrer. A trial was had on the answer and the first plea, and the court found that appellee was entitled to dower in the premises, and appointed commissioners to assign the same. They reported that the premises were not susceptible of division, without manifest prejudice to the parties.

Thereupon a jury was impanneled to assess the damages, and to ascertain the sum that should be paid annually by appellant in lieu of dower. They found the damage for withholding the dower at $125, and that the annual sum of $25 be paid to appellee by appellant. A decree was rendered accordingly, and an appeal was prayed and perfected.

The evidence on this question is scant. Appellee is the only person who testified in regard to the ownership by her husband. She testified that her husband purchased the lot of Hawkinson and Ockenson about twenty years ago, and at once erected a house on it, and he and she lived in it three or four years; that her husband sold it to Matthew Lynch; that the deed was made from Hawkinson and Ockenson to Lynch, but she does not know the reason why it was so made; that her husband paid for the lot when he bought it; that when her husband sold to Lynch, the latter gave a mortgage back to secure $650, she thinks. On her cross-examination, she says she knew that her husband paid for the lot, because he told her so, and Hawkinson and Ockenson told her the same; that she was not present when her husband paid the money. She stated, in answer to a question whether her husband paid all of the money before he sold to Lynch, that her husband, when he got the deed, sold to Lynch, and got the money of him to pay and get the deed, and then he sold the deed to Lynch. She testified that her husband purchased about twenty years since, and sold to Lynch eighteen or nineteen years ago.

When we take into consideration the fact that the chain of title fails to show that Thorsell ever had any interest of

any kind in this land, and that this is an effort to prove that Thorsell had, previous to appellant's purchase of Lynch, held an equitable estate of inheritance in fee to these premises, it would seem clear that it falls far short of the requisite clearness for the purpose. Title to real estate, when admissible by verbal evidence, can only be established when it is clear and satisfactory. Here, appellee testified that her husband paid the purchase money for the lot, but her cross-examination shows that she only knew so because her husband and his vendors told her so, and not from any knowledge of her own. This was hearsay evidence, was objected to on the trial, and should have been rejected.

Strike out this evidence of payment, and the remainder of her testimony fails to prove any payment, or anything that even renders it probable that her husband paid the purchase money. On the contrary, it would rather lead to the inference that Thorsell made the purchase, and may have paid something on it, and, after occupying it for a time, sold his purchase to Lynch, and, on procuring a deed from his vendors to Lynch, he paid him part of the money on the delivery of the deed, and out of the proceeds paid his vendors, and held the remainder.

We regard it as improbable that Lynch gave any mortgage back to Thorsell, but altogether probable that he may have executed one to Hawkinson and Ockenson for the balance of the purchase money.

It is probable that the true state of the transaction can not be known, unless Lynch, Hawkinson or Ockenson shall be called as a witness. But if the facts are as we have suggested, there can be no pretense that Thorsell ever held an equitable title which he could have converted into a legal title by a bill for a specific performance. He, as we suppose, only held a contract, which was not performed, nor did he ever perform it. He, no doubt, sold the contract to Lynch, and Lynch performed it by paying all, or at least the balance, of the purchase money. If Lynch purchased the agreement and

performed it, he became invested· with both the legal and equitable title by the conveyance from Hawkinson and Ockenson.

As has been held in numerous cases in this court, if a vendee, before he has made full payment, and before he is able to enforce a conveyance of the land, assigns his contract, and the assignee completes the payment and obtains a deed, the widow of the first purchaser has no right to dower in the premises. To so hold would. be inequitable. It would be to hold that the payment of the money by one person would confer the right to dower on the wife of another person. Such a case is destitute of all equity or justice. In a case where a widow claims dower in lands because her husband held an equitable estate of inheritance, it must appear that her claim is just and equitable. It may be different where her claim is to dower in a legal title.

If, as we suppose, Lynch paid the purchase money, or a portion of it, to Thorsell's vendors, under an assignment of the contract, and received a deed from them, he was, in fact, the actual purchaser, and not Thorsell. If Thorsell did not pay the purchase money, or if he sold his contract and thereby obtained the money from Lynch, and then paid the balance, this would virtually be a payment by Lynch, and appellee would acquire no rights thereby. The entire evidence considered, we think appellee has signally failed to prove such a title as gave her dower in the premises.

It is, however, urged that appellant has, by her first plea, admitted away her case by insisting that Thorsell did not own a legal title to the lot at any time in his lifetime. It is true that this plea may have been immaterial, as the allegation in the petition is, that Thorsell was seized in fee simple, and was the owner of the equitable title to the lot in controversy. The averment that he was seized in fee simple, had it been the only averment, would have implied that he held the legal title; but the subsequent averment, that he was the owner of the equitable title, limited the first allegation, and

makes the allegation, when taken together, that he owned the lot by an equitable title in fee simple. But admitting that the plea was immaterial, as it traversed no allegation in the petition, still the answer of the husband of appellant denies that Thorsell held either a legal or an equitable title to the premises, and that put her on proof of her title.

The husband of appellant was deemed a necessary party to cut off any interest he may have had in the premises, by the curtesy or otherwise, and if he had such an interest, he was an indispensable party. And as petitioner made him a party, until it otherwise appears we will presume he has an interest, and if so, he undoubtedly had the right, without disclosing his interest, to put appellee upon the proof of the title she alleged her husband held in the premises. This he did, and we have seen that she has failed to make the proof. In this view of the case, we deem it unnecessary to discuss the question, whether appellee's second plea presented a defense to appellant's claim to be endowed in an equitable estate.

The decree of the court below is reversed and the cause remanded for further proceedings, and with leave to appellant to amend her first plea, if she shall be so advised.

*Decree reversed.*